UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KINCAID and ESTELLA KINCAID,<br><br>                    Appellants,<br><br>          v.<br><br>SUSAN K. SMITH AND THE OFFICE OF THE U.S. TRUSTEE,<br><br>                    Trustees. | No. 2:13-cv-01032-TLN<br><br>**ORDER DISMISSING AND CLOSING CASE FOR FAILURE TO PROSECUTE** |

This case was originally brought before this Court on May 24, 2013. (*See* Notice of Bankruptcy Appeal, ECF No. 1.) On August 20, 2014, the Deputy Clerk of the U.S. Bankruptcy Court of the Eastern District of California certified that the record with respect to Appellants James Kincaid and Estella Kincaid ("Appellants") was complete for purposes of this appeal. (ECF No. 17.) Pursuant to Federal Rule of Bankruptcy Procedure 8009, Appellants' opening brief and excerpts of record were due, filed in the district court, within fourteen (14) days of the certification. (ECF No. 17.) On September 5, 2014, Appellants filed a motion for a fourteen (14) week extension to file their opening brief. (ECF No. 18.) The Court granted this request, but warned Appellants that the Court would not grant any further extension. (*See* Minute Order, ECF No. 19.)

On December 1, 2014, Appellants filed an ex parte application requesting another

1

extension.  (ECF No. 20.)  The Court denied this application, finding that Appellants failed to show good cause for another extension, especially in light of the Court's previous admonishment.  (*See* Order, ECF No. 22.)  In response, Appellants filed an Emergency Ex Parte Motion for Reconsideration (ECF No. 23), in which Appellants contended that Appellant James Kincaid's health has deteriorated and is causing delays.  The Court denied Appellants' motion stating that it was sympathetic to Appellants' health issues, but finding that Appellants' health considerations were constant and could not be allowed to indefinitely postpone this case.  (Order, ECF No. 28.)  In fact, the Court noted that Appellants complained of this issue back in June of 2014, and the Court took that into consideration when it reopened Appellants' case which had previously been closed for filing deficiencies.  (*See* ECF Nos 15, 16.)

        The time for compliance has come and gone and Appellants have failed to file their opening brief, nearly two years after this case was originally filed.  Appellants leave this Court no other option than to dismiss this case for Appellants' failure to prosecute.

        "The authority of a federal trial court to dismiss a [an] action with prejudice because of [a] failure to prosecute cannot seriously be doubted."  *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962).  The Ninth Circuit has set forth four factors that a district court must consider before dismissing a case for failure to prosecute:

> [1] the court's need to manage its docket, [2] the public interest in expeditious resolution of litigation, [3] the risk of prejudice to defendants from delay, [4] the policy favoring disposition of cases on their merits.

*Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651 (9th Cir. 1991).  For the reasons set forth below, the Court finds that these factors weigh in favor of dismissing this case.

        First, the Court has an inherent need to manage its docket.  Appellants filed this case in May 2013, and still has not filed their opening brief.  Pursuant to Federal Rule of Bankruptcy Procedure 8009, Appellants' opening brief and excerpts of record were due, filed in the district court, within fourteen (14) days of the certification, which occurred on August 20, 2014.  Appellants' failure to adhere to Rule 8009 and this Court's orders show that the first factor— the court's need to manage its docket —weighs in favor of dismissing this case.

      Second, the public's interest in expeditious resolution of litigation also favors dismissing this case because the Court is wasting its time and resources attempting to compel Appellants' cooperation in litigating their own case.  Third, Appellants' failure to file their brief prevents Appellees from seeking some sort of resolution.  Finally, although the disposition of cases based on their merits is preferred, it is unlikely that such is an option here.  The Court simply cannot move forward without Appellants' assistance.

      Thus, for the aforementioned reasons, the Court finds that all four factors support dismissing Appellants' case.  As such, the Court hereby DISMISSES this action.  This case is CLOSED.

      IT IS SO ORDERED.

Dated:  March 26, 2015

_____
Troy L. Nunley
United States District Judge